## Toledo, St. Louis and Western R. R. Co. v. Abraham Gallagher.

1. RAILROADS—*Duty of Traveler in Approaching Crossing.*—The duty of a traveler to exercise reasonable care in approaching a railroad crossing is as great as that of the railroad company. The fact that statutes prescribe, in the case of a railroad, what things are necessary to the exercise of reasonable care, and that no such specifications are imposed upon a traveler, does not render it less necessary for the individual to exercise an equal degree of care.

2. SAME—*Traveler Looking Along Unobstructed Track and Not Seeing Approaching Train.*—Where a person while approaching a railroad crossing is able to see along an unobstructed track for from 200 to 400 feet, and does look, but fails to see an approaching train within that distance, the law considers him as not having looked at all.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Coles County; the Hon. FRANK K. DUNN, Judge presiding. Heard in this court at the November term, 1902. Reversed and remanded. Opinion filed June 11, 1903.

CHARLES A. SCHMETTAU and A. J. FRYER, attorneys for appellant; CLARENCE BROWN, of counsel.

ANDREWS & VAUSE, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

Appellee sued appellant to recover damages for personal injuries suffered from being knocked off appellant's track by a passenger engine while he was attempting to cross it at a public highway crossing, east of Mode, a flag station in Shelby county.

Appellant's railroad runs east and west at the point in question and the highway crosses it at right angles. About 325 feet south of the crossing this highway is level with the track; then, descending into a small ravine, it crosses a creek and ascends to the railroad. The railroad track, 600 feet east of the crossing, runs through a ten-foot cut which gradually disappears as the track approaches the crossing. Shortly before the injury appellee was driving, in a two-wheeled cart, a blind horse, slowly along the highway, south of and toward the track. He testified that he looked and listened for a train all the time from a point 300 feet south of the crossing until he reached it. He was familiar with the times of trains there, and knew that particular passenger train was about to come at any time. When his horse was upon the crossing he noticed the train from the east almost upon him. He urged his horse forward frantically with the reins, but failed to get the cart over before the engine struck him. The cart was demolished. He received a slight bruise upon his leg, and severe concussion of the brain, but no fracture of the skull. Appellee claims no permanent injuries except a slight impairment of his memory. The trial resulted in a verdict and judgment against appellant for $963.25, from which judgment this appeal is prosecuted.

No error is found in the instructions sufficient to reverse the judgment, and the paramount questions for our discussion is, was the appellee guilty of contributory negligence? The evidence conflicted as to the statutory signals being given by appellant. Three witnesses testify that the statutory signals were not given; five testify that they were,

T., St. L. & W. R. R. Co. v. Gallagher.

But, conceding that the appellant failed to give the danger signals, still we are of the opinion, after mature deliberation, that appellee at the time he was injured, and shortly before, was not exercising that degree of prudence that an ordinarily prudent man would exercise under the same circumstances.   Testimony was introduced showing, by measurements, that the train could have been seen down the track for 200, 300 and 400 feet from appellee's elevation on the road, at different times, before reaching the crossing, as he drove into the ravine and up again to the crossing.   The duty of a traveler to exercise reasonable care is as great as that of the railroad company.   The fact that the statute prescribes, in the case of a railroad, what things are necessary to the exercise of reasonable care, and that no such specific duties are imposed upon a traveler, does not render it less necessary for the individual to exercise an equal degree of care.   The precautions he must take, although not specified, are just as necessary as those imposed upon the railroad.   His own senses must be his danger signals.   The fact that the view of the track on either side of the crossing is partially obstructed increases rather than lessens the alertness of a reasonably prudent man.   If appellee looked and listened, as he testifies he did, he must have looked with unseeing eyes and listened with deaf ears. If he looked, and had the opportunity to see the moving train, but did not see it—and that fact is uncontroverted by appellee's testimony—then the law considers him as never having looked at all.   If he neither looked nor listened upon approaching this crossing, and the view to and from it along the track was partially obstructed, and he intended to pass over the crossing, he neglected something that a reasonably prudent man would not have omitted.   No ordinarily careful man, if he were deaf, would fail to look for trains as he approached a railroad crossing.   No reasonably prudent blind man would neglect to listen for approaching trains under such circumstances.   Juries are not to be allowed to award damages in personal injury cases merely because they sympathize with the persons injured.

We find, from the record, that the plaintiff below was not exercising that degree of care in approaching the crossing in question that an ordinarily careful man would have exercised under the same circumstances.

Judgment reversed and cause remanded.